uation. In the former case there was no such constructive notice.

For the reasons set forth above, the court feels that this case falls into two recognized exceptions to the rule of agency which makes a factor liable for conversion when he sells property which his principal does not own. First, the principal Wade acquired an indefeasible title and all the indicia of·ownership through the action of the plaintiff and consequently the plaintiff should not be allowed to complain of the acts of the innocent factor, Wells Commission Co. Secondly, the Packers and Stockyards Act deprives the factor of that degree of choice which is necessary to support the ordinary rule of agency, and for that reason, the rule of agency as set forth by the plaintiff should not be strictly applied to the case at hand.

Judgment for the defendant will be entered. The action will be dismissed at plaintiff's costs.

---

Albert Foreman, New York City, M. Carl Levine, Morgulas & Foreman, New York City, were on the brief, for plaintiff.

John R. Franklin, Washington, D. C., with whom was Assistant Attorney General H. G. Morison, for the defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

PER CURIAM.

The motion for a new trial in this case is allowed, the conclusion of law and judgment heretofore entered is withdrawn, and plaintiff's petition will be dismissed, inasmuch as there is no showing in this case that the contracting officer and head of the department acted arbitrarily, capriciously, or that his decision was so grossly erroneous as to imply bad faith. It is so ordered.

## PENNER INSTALLATION CORPORATION v. UNITED STATES.

No. 47267.

United States Court of Claims.
April 3, 1950.

## NEWHALL–HERKNER CONST. CO. et al. v. UNITED STATES.

No. 46074.

United States Court of Claims.
April 3, 1950.